

RECEIVED

2014 MAY 20   AM 8: 32

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA JUANITA WATE, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF JAMES CLIFTON BARNES,
DECEASED,

                         Plaintiff,

Case No. 8:14 CV 1196 33TSM

vs.

JOSEPH TACTUK, KENNETH KUBLER,
et al,

                         Defendants.

_____/

## NOTICE OF REMOVAL OF DEFENDANT BOB GUALTIERI, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PINELLAS COUNTY, FLORIDA

Defendant, BOB GUALTIERI, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PINELLAS COUNTY, FLORIDA (hereinafter, "Sheriff"), by and through his undersigned counsel, hereby removes this action from the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 14-002184-CI-13, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1331, 1441 & 1446. The basis for the removal of this action is federal question jurisdiction. Specifically, in her Complaint, Plaintiff alleges against Defendants causes of action pursuant to 42 U.S.C. § 1983; the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; and the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq*.

In support of removal, Sheriff states:

TBK- 23532
#400

1.      On or about March 19, 2014, Plaintiff filed a 52-page, 17-count Complaint containing 219 separately enumerated paragraphs in the Sixth Judicial Circuit in and for Pinellas County, Florida, styled <u>Patricia Juanita Wate, Individually and as Personal Representative of the Estate of James Clifton Barnes, Deceased, v. Joseph Tactuk, et al</u>. A copy of Plaintiff's Complaint and Summons served on Sheriff are attached to this Notice as Exhibit A.  A copy of the Civil Cover Sheet is attached as Exhibit B.  No other process, pleadings, or orders have been served in the state court action.

2.      Sheriff was served with the Summons and Complaint on May 16, 2014.

3.      In addition to Sheriff, there are four other defendants to this case:

    a.      Joseph Tactuk

    b.      Kenneth Kubler

    c.      The Florida Department of Environmental Protection

    d.      The Florida Fish and Wildlife Conservation Commission

4.      On information and belief, the undersigned counsel represents that, as of the time of the filing of this notice of removal, none of the other defendants to this action have been served with the summons and complaint.  A copy of the docket in the state court action is attached as Exhibit C.  See <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 536 F.3d 1202, 1207 (11th Cir. 2008) (adopting the now-codified last-served-defendant rule and holding that removing defendant need only obtain consent of defendants who had been served at the time of removal).

5.      The 17 causes of action asserted in Plaintiff's Complaint are as follows:

        Count I        False Arrest (against FDEP and FWC)[1]

---

[1]  Plaintiff refers to The Florida Department of Environmental Protection as "FDEP," the Florida Fish and Wildlife Conservation Commission as "FWC," and Sheriff as "PCSO."

Count II       False Arrest (against PCSO)

Count III      Battery/Excessive Force (against FDEP and FWC)

Count IV       Battery/Excessive Force (against PCSO)

Count V        Common Law Negligence – Vicarious Liability (against FDEP and FWC)

Count VI       Common Law Negligence – Vicarious Liability (against PCSO)

Count VII      Common Law Negligence – Zone of Risk – Vicarious Liability (against FDEP and FWC)

Count VIII     Common Law Negligence – Zone of Risk – Vicarious Liability (against PCSO)

Count IX       Common Law Negligence – Direct Liability (against FDEP and FWC)

Count X        Common Law Negligence – Direct Liability (against PCSO)

Count XI       Violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments [to the United States Constitution] (against the individual defendants)

Count XII      Violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments [to the United States Constitution] (against FDEP and FWC)

Count XIII     Violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments [to the United States Constitution] (against PCSO)

Count XIV      Deliberate Indifference to Serious Medical Needs/Cruel and Unusual Punishment (against Officer Tactuk)

Count XV       Deliberate Indifference to Serious Medical Needs/Cruel and Unusual Punishment (against Deputy Kubler)

Count XVI    Violation of the Americans with Disabilities Act [42 U.S.C. § 12182, *et seq.*] (against PCSO)

Count XVII    Violation of the Americans with Disabilities Act [42 U.S.C. § 12182, *et seq.*] (against FDEP and FWC)

6.      Furthermore, Plaintiff states in her complaint that she is bringing the action pursuant to 42 U.S.C. § 1983. (See Compl. ¶ 2.) She seeks attorneys' fees under 42 U.S.C. § 1983 and § 1988. (Id. ¶ 17.)

7.      This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. All of the claims in the Complaint, including the causes of action under state law, are alleged to have arisen from the same events and occurrences: an alleged excessive use of force that Plaintiff claims resulted in the death of James Barnes on March 19, 2012, at Honeymoon Island State Park. (See Compl. ¶ 1.) Thus, the state law claims in the Complaint form part of the same case or controversy as the claims brought pursuant to 42 U.S.C. § 1983, the Constitution, and the ADA; therefore, this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. None of the state law claims pleaded in the Complaint raise novel or complex issues of state law or substantially predominate over the § 1983, constitutional, or ADA claims over which the court has original jurisdiction. See 28 U.S.C. § 1367(c).

8.      Removal of this action is timely. Defendant files this Notice of Removal within 30 days of personal service of Plaintiff's Complaint and within one year of the commencement of the action in state court. See 28 U.S.C. § 1446(b).

9.      The action is being removed to the Middle District and the Tampa Division, which is appropriate under 28 U.S.C. § 1446(a), as the removed case was pending in Pinellas County, Florida.

4

10.     Pursuant to 28 U.S.C.§ 1446(d), written notice of the filing of this Notice of Removal is being provided to Plaintiff as indicated in the accompanying certificate of service. A Notice of Filing Notice of Removal (including as an attachment an as-filed copy of this Notice of Removal) will be promptly filed with the Clerk of the Circuit Court in and for Pinellas County, Florida.

RESPECTFULLY SUBMITTED on May 19, 2014.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been furnished by email to Keith M. Carter, Esquire, Morgan & Morgan, P.A., One Tampa City Center, 201 N. Franklin Street, 7th Floor, Tampa, FL  33602, kmcpleadings@forthepeople.com; jcurry@forthepeople.com, attorney for Plaintiff, on May 19 , 2014.

PINELLAS COUNTY SHERIFF
GENERAL COUNSEL'S OFFICE

Paul G. Rozelle – Trial Counsel
Associate General Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL    33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
Prozelle@pcsonet.com
Amarcott1@pcsonet.com
Attorney for Defendant

5