

EXHIBIT A

## NOTICE OF CLAIM
## DEMAND FOR COMPENSATION FOR WRONGFUL DEATH
## FLORIDA STATUTES 768.28(6)

**TO:**

Certified/Return Receipt No.: 7010 0290 0000 2572 6715
Florida Department of Financial Services
Jeff Atwater, Chief Financial Officer
200 E. Gaines Street
Tallahassee, FL 32399-0338

Certified/Return Receipt No.: 7010 0290 0000 2572 6722
Pinellas County Sheriff's Office
Bob Gualtieri, Sheriff
10750 Ulmerton Road
Largo, Florida 33778

Certified/Return Receipt No.: 7010 0290 0000 2572 6739
Florida Department of Environmental Protection Law Enforcement Division
Herschel Vinyard, Secretary of the Department of the Environmental Protection
3900 Commonwealth Blvd.
Tallahassee, Florida 32399

Certified/Return Receipt No.: 7010 0290 0000 2572 6746
Florida Fish and Wildlife Commission
Nick Wiley, Executive Director
620 South Meridian Street
Tallahassee, Florida 32399

**CLAIMANTS:** Patricia Juanita Wate, individually and as personal representative of the estate of James Clifton Barnes, deceased

Patricia Wate:
Date of birth – October 4, 1953
Place of birth – New Albany, IN
Social security # - 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

James Clifton Barnes:
Date of birth – June 27, 1974
Place of birth – Kileen, TX
Social security # - 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

**CONSORTIUM CLAIMANT:** None, however the wrongful death claims include damages to Patricia Wate as statutory survivor.

**PRIOR ADJUDICATED UNPAID CLAIMS:** None

**CLAIM:** MONEY JUDGEMENT FOR DAMAGES ARISING FROM THE WRONGFUL DEATH OF JAMES CLIFTON BARNES (MR.

BARNES), DECEASED, BY AND THROUGH PATRICIA WATE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MR. BARNES.

**DATE OF INCIDENT:** March 17, 2012

**PLACE OF INCIDENT:** Honeymoon Island State Park, #1 Causeway Boulevard, Dunedin, Florida

**DESCRIPTION OF INCIDENT:** We recently completed our investigation into the death of Mr. Barnes. Our investigation was in connection with our representation of The Estate of James Barnes and our representation of Patricia Wate, individually and in her capacity as Personal Representative of Mr. Barnes estate. Our findings of fact and conclusions of legal liability were reached after an exhaustive review of materials procured from various government agencies pursuant to the Florida Public Records Act. Our investigation also included exhaustive legal research on the subject of excessive use of deadly force by law enforcement officers and consultations with authorities on the subject of police practices. Unfortunately, our investigation establishes irrefutable evidence that Officer Joseph Tactuk's utilized unlawful and excessive deadly force against James Barnes which was the legal cause of Mr. Barnes's death.

Additionally, our investigation concluded that Pinellas County Marine Patrol Deputy, Kenneth Kubler, utilized excessive force against Mr. Barnes which was likely a substantial contributing cause of Mr. Barnes' death. Regrettably, Deputy Kubler failed his duty to Mr. Barnes by refusing to render first aid notwithstanding his knowledge of Mr. Barnes' desperate need for cardio pulmonary resuscitation. Our investigation establishes that Deputy Kubler had CPR equipment available on his patrol boat and made an unreasonable decision not to use it to assist Mr. Barnes.

### I. Factual Findings

James Barnes was a 38 year old Pasco County resident who traveled to Pinellas County, Honeymoon Island, on March 17, 2012 with his aunt and co-resident, Paula Yount. Per Ms. Yount, earlier in the morning Mr. Barnes was "piddling with his flowers, humming and singing, as usual".

Upon arrival to Honeymoon Island Mr. Barnes and Ms. Yount walked toward the beach for approximately five (5) minutes before stopping and sitting down to enjoy the sun. After several more minutes Mr. Barnes and Ms. Yount entered the water. Once in the water Mr. Barnes proceeded to baptize himself, including shouting religious phrases and submerging himself underwater.

During this time Officer Tactuk arrived on the scene and was informed by Ms. Yount that Mr. Barnes was simply having a religious experience. Importantly Ms. Yount did not inform Officer Tactuk that physical contact between she and Mr. Barnes was offensive and/or nonconsensual. Soon thereafter, Officer Tactuk entered the water and initiated force against Mr. Barnes. Mr. Barnes was submerged in the water with Officer Tactuk's knee in his back. Officer Tactuk proceeded to hit Mr. Barnes about the face with his fists, sprayed mace in his face, and violently restrained him. After Mr.

Barnes was restrained with handcuffs and face down in the sand, Deputy Kubler proceeded to deploy a TASER debilitating Mr. Barnes further. As a result, Mr. Barnes stopped breathing. Subsequently, on March 19, 2013, Mr. Barnes was pronounced dead due to asphyxia caused by blunt trauma and restraint. Officer Tactuk was employed by the Florida Department of Environmental Protection, Law Enforcement Division. (FDEP).

The force used by Officer Tactuk against Mr. Barnes was so excessive that bystanders urged Officer Tactuk to stop the beating of Mr. Barnes. Officer Tactuk responded with threats of arrest.
The force used by Officer Tactuk included repeated blows to the head, deprivation of oxygen through underwater submersion face down, chest compression resulting in oxygen deprivation, repeated facial blows and deployment of pepper spray.

Upon arrival at the scene, Deputy Kubler used excessive force against Mr. Barnes to restrain him against his will. Inexplicably, Deputy Kubler, deployed his Taser numerous times, finally rendering Mr. Barnes unconscious. Deputy Kubler was an employee of the Pinellas County Sheriff's Office (PCSO).

What makes Mr. Barnes death even more tragic is that he committed no crime justifying the initial use of force by Officer Tactuk. At the time, Officer Tactuk initiated force against him, Mr. Barnes posed no threat to inflict harm against by standers or Law Enforcement. Officer Tactuk claims he observed Mr. Barnes batter his aunt, Paula Yount. However, Ms. Yount informed Officer Tactuk that Mr. Barnes simply had a "religious experience"; thus the contact could not have been nonconsensual or offensive. Ms. Yount was far away from Mr. Barnes when Officer Tactuk initiated force to restrain him.

The Pinellas County Medical Examiner determined that Mr. Barnes death resulted from a combination of asphyxia (oxygen deprivation), trauma and restraint. Obviously, the force used by Officer Tactuk and Deputy Kubler combined to cause Mr. Barnes death.

Mr. Barnes struggled for his life at Bayfront Medical Center for two days before succumbing to his injuries inflicted by Officer Tactuk and Deputy Kubler. The CPR techniques withheld by Deputy Kubler likely contributed to the inability of Mr. Barnes to survive his injuries.

## II. Legal Findings

### False Arrest

Officer Tactuk and Deputy Kubler intentionally restrained Mr. Barnes against his will. The restraint was initiated by Officer Tactuk and continued by Deputy Kubler, without probable cause to believe Mr. Barnes committed a crime. The false arrest resulted in an escalation of force against Mr. Barnes that led to his preventable death.

### Battery

The excessive force used by Officer Tactuk and Deputy Kubler to seize Mr. Barnes and restrain his free movement constitutes a battery under Florida law which resulted in the wrongful death of Mr. Barnes. Under the circumstances, Officer Tactuk was not entitled to use any force at all, but certainly his use of deadly force was unnecessary and constitutionally excessive. Deputy Kubler continued to utilize excessive force against Mr. Barnes following application of handcuffs. Even if arguably, Deputy Kubler was entitled to use limited force to assist Officer Tactuk, the deadly force utilized was far out of proportion to any legitimate need.

### Negligence

Officer Tactuk failed to act as a reasonable, competent law enforcement officer and was negligent in his use of force on Mr. Barnes. There were other reasonable alternatives to the deadly force used by Officer Tactuk. Mr. Barnes posed no threat to the officer or other persons.

Officer Tactuk failed to act as a reasonably well trained law enforcement officer when he physically attacked Mr. Barnes while standing in waist deep water. Officer Tactuk and Deputy Kubler failed to act reasonably when they utilized restraint and pain compliance methods that served only to escalate the force and severity of injury. Deputy Kubler was negligent in withholding lifesaving CPR techniques from Mr. Barnes notwithstanding his knowledge of Mr. Barnes serious medical needs.

The negligence of Officer Kubler and Deputy Kubler was a legal cause of the wrongful death of Mr. Barnes.

### Agency Vicarious Liability

The FDEP and/or the Florida Fish and Wildlife Commission (FWC) are vicariously liable for the commission of the above described state law torts of false arrest, battery and negligence, committed by Officer Tactuk in the scope of his employment with FDEP and/or FWC.

PCSO is vicariously liable for the commission of state law torts committed by Deputy Kubler. At all times material to this matter, Deputy Kubler was within the scope of his employment with PCSO

### Active Negligence of Department of Environmental Protection and Violation of Americans with Disabilities Act

The FDEP and FWC failed to adequately train and supervise Officer Tactuk. At the time of Mr. Barnes death, Officer Tactuk had a total of 7 months experience. He was placed in a situation of responsibility for an entire state park, wherein he was certain to encounter emotionally disturbed Persons (EDP). He received no training on the use of force against EDP's, notwithstanding that force improperly used against EDP's almost certainly results in serious injury or death. For almost two decades prior to 2012, the United States Justice Department mandated that law enforcement agencies equip its officers to safely encounter EDP's. Officer Tactuk had no supervision on Honey Moon Island and obviously felt entitled to use arbitrary and excessive force.

### 42 U.S.C. §1983

Officer Tactuk and Deputy Kubler are subject to the legal liabilities and responsibilities imposed by 42 U.S.C. §1983 for violations of Mr. Barnes' rights under the fourth amendment to the United States Constitution to be free from unreasonable seizure. The seizure of Mr. Barnes and the deadly force used to seize him was in all respects excessive and exceeds the force permitted by the fourth amendment of the United States Constitution which resulted in Mr. Barnes' wrongful death.

Officer Tactuk and Deputy Kubler are also liable for imposition of cruel and unusual punishment upon Mr. Barnes, in violation of the United States Constitution. Following Mr. Barnes restraint the officers continued to use unnecessary deadly force and Deputy Kubler was deliberately indifferent to the serious medical needs of Mr. Barnes.

### Monell Claim

PCSO is legally liable for Officer Kubler's constitutional violations based upon the departments polices, customs and practices instituted before Mr. Barnes' death that resulted in Deputy Kubler's unconstitutional use of excessive, deadly force and the withholding of CPR techniques.

### III. Conclusion

We respectfully suggest that you immediately work with the appropriate officials to procure sufficient funds for this demand for compensation to the Estate of James Barnes and his statutory survivor, Patricia Wate

It is the conclusion of this office that the death of Mr. Barnes was preventable, unnecessary and unlawful pursuant to Florida common law and the United States Constitution. If the FDEP, FWC and PCSO do not timely accept its appropriate financial accountability arising from the wrongful death of Mr. Barnes, our office will pursue all available state law claims and federal claims to impose financial accountability. We thank you in advance for your cooperation.

IF ADDITIONAL INFORMATION IS NEEDED, PLEASE CONTACT THE UNDERSIGNED. PLEASE ACKNOWLEDGE RECEIPT HEREOF IN WRITING.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by certified mail to the above agencies, this 30th day of January, 2014.

Keith M. Carter, Esq.
FBN: 500364
Morgan & Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505
Attorneys for Claimant